UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERICK WILLIAMS,

               Plaintiff,

        -against-

METRO NORTH RAILROAD HUMAN
RESOURCES DEPARTMENT,

               Defendant.

25-CV-7473 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, alleging that Defendant Metro North Railroad is unlawfully withholding a certain retirement benefit, namely, a benefit that Plaintiff refers to alternatively as a "retirement badge" or a "retirement pass." By order dated December 23, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff was employed by Metro-North Railroad as a coach cleaner. (ECF No. 1, at 7.) He states that Metro-North Railroad terminated him on July 24, 2018, but he does not provide the reason for the termination. (*Id*.)

On September 4, 2025, Plaintiff went to Metro-North Railroad's human resources department in an effort to obtain a "retirement ID pass." *(Id*.) He neither describes the location of Metro-North Railroad's human resources department, such as where the meeting occurred, nor the benefits associated with the "retirement ID pass." When attempting to obtain this pass, several supervisors appeared and told Plaintiff that he was not eligible for a "retirement ID pass"

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

because Metro-North Railroad had terminated him. (*Id*.) Plaintiff contends, however, that he is eligible for a "retirement ID pass" because that retirement benefit vested before his termination. (*Id*. at 7-8.) He explains: "If you were vested in your company's retirement plan before being terminated[,] you are generally still eligible to receive those retirement benefits." (*Id*. at 8.) He concludes by asserting that Defendant violated ERISA by denying him access to a vested benefit and failing to provide him with a plan document. (*Id*.) He seeks unspecified relief.

## DISCUSSION

### A.    Benefits Covered by ERISA

Plaintiff contends that Defendant violated ERISA by refusing to issue him a "retirement ID pass," which he alleges is a vested benefit that could not be revoked upon his termination from employment. He does not, however, set forth any facts about the nature of the "retirement ID pass," such as the kind of benefits it confers, that would allow the Court to assess whether ERISA provides a remedy for Defendants' denial of the pass to Plaintiff.

ERISA "permits a civil action by a plan participant 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 82 (2d Cir. 2001) (quoting 29 U.S.C. § 1132(a)(1)(B)); *see also Harrison v. Metro. Life Ins. Co.*, 417 F. Supp. 2d 424, 434 (S.D.N.Y. 2006) ("ERISA § 502(a)(1)(B) enables a beneficiary to bring a claim to recover benefits due under an ERISA plan.").

To state a claim under ERISA, a plaintiff must allege: (1) that the benefit plan is governed by ERISA, (2) that the plaintiff is a participant in the plan, and (3) that the defendant breached its duty to pay the plaintiff under the terms of the plan. *See Carlson v. Principal Fin. Group*, 320 F.3d 301, 306-08 (2d Cir. 2003). As relevant here, ERISA governs "employee benefit plans," *see* 29 U.S.C. § 1003(a)(1), (2), which is defined as "an employee welfare benefit

3

plan, [ ] an employee pension benefit plan[,] or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3).

In the complaint, Plaintiff offers no details concerning the "retirement ID pass" that is the subject of this lawsuit. He neither describes the nature of the "retirement ID pass" nor explains what, if anything, he would be able to obtain with the pass. Plaintiff does not allege any facts that would allow the Court to conclude that the "retirement ID pass" confers benefits consistent with an employee welfare benefit plan or an employee welfare pension plan under ERISA.

Because Plaintiff does not allege any facts suggesting that the "retirement ID pass" is part of either an employee welfare benefit plan or an employee welfare pension plan that is protected by ERISA, he has failed to state a claim under ERISA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his ERISA claims in an amended complaint.

**B.    Proper Defendant Under ERISA**

Plaintiff also fails to set forth facts that would allow the Court to conclude that Metro-North Railroad Human Resources Department is a proper defendant under ERISA. "In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989) (citing 29 U.S.C. § 1132(d)(2))). Under ERISA, "[t]he term "administrator" means (i) the person specifically so designated by the terms of the instrument under which the plan is operated"; or "(ii) if an administrator is not so designated, the plan sponsor." 29 U.S.C. § 1002(16)(A).

In the complaint, Plaintiff names Metro-North Railroad Human Resources Department as the sole defendant, but he does not allege any facts suggesting that Metro-North Human Resources Department is the "administrator" or the "plan sponsor" of Metro-North Railroad's retirement plan. He has therefore failed to state an ERISA claim against Defendant Metro-North

4

Human Resources Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff files an amended complaint, he must name the "administrator[s]" or the "plan sponsor[s]" of Metro-North Railroad's retirement plan as Defendant or Defendants.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts sufficient to state a valid claim under ERISA, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies set forth above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 7, 2026
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge